1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

ROCKY ROBINSON, an individual,     ) CASE NO. 17-325

    *Plaintiff,*           )

vs.                    )

UNITED STATES OF AMERICA,    )

    *Defendant.*          )

                       )

### COMPLAINT

COMES NOW Plaintiff Rocky Robinson, by and through his attorney, Joshua S. Berman, Esquire and DROSS BERMAN LLC, asserting claims against Defendant the United States of America, and states and alleges as follows:

### I.

### JURISDICTION AND VENUE

**1.**    Plaintiff ROCKY ROBINSON (hereinafter "Plaintiff") is a citizen of the United States and a resident of Oklahoma, and served in the United States Marine Corps at all times pertinent hereto.

**2.**    The Defendant is the United States of America, acting by and through the United States Marine Corps, which is part of the Department of the Navy, an agency of the United States Government.

**3.**    This is an action for judicial review of administrative denial of disability benefits that the United States Marine Corps failed to provide Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereinafter "TSGLI").

**4.**    Plaintiff brings this action against Defendant the United States of America

based upon a failure of the United States Department of Navy and Department of the United States Marines Corps to pay benefits owed to Plaintiff under the TSGLI program.

**5.**     This Court has jurisdiction over the parties under 38 USC 1975, as well as under the terms of the TSGLI program, as any member who receives an adverse TSGLI decision may obtain judicial review in any United States District Court of competent jurisdiction.

**6.**     In addition, even if administrative reviews were required of TSGLI applicants prior to initiating a lawsuit, doing so would be futile because it is certain that a TSGLI claim would be summarily denied on appeal for the reasons states herein. However, in this case Plaintiff exhausted the administrative appeals available prior to commencing this lawsuit.

**7.**     28 USC 1391(e)(1) permits "suits to be brought against the United States in any judicial district where 'a substantial part of the events or omissions giving rise to the claim occurred, or . . . [where] the plaintiff resides'".

**8.**     The Secretary of the Navy Council of Review Boards ("CORB") – Board for Corrections of Naval Records ("BCNR") is located in Washington Navy Yard, D.C., and it is where the last and ultimate decision was made on Plaintiff's administrative claim, and therefore, the District of Columbia is proper Venue for this case.

## II.

## **FACTUAL ALLEGATIONS**

**9.**     All allegations contained in the previous paragraphs are incorporated herein by reference.

**10.**     The Servicemembers' Group Life Insurance Traumatic Injury Protection Program, also known as TSGLI, is a rider to the SGLI policy that provides a payment for service members injured as the result of a traumatic event.

**11.**     TSGLI coverage was added to SGLI policies effective December 1, 2005. After December 1, 2005, all service members covered by SGLI are eligible for TSGLI

1   coverage, regardless of where their qualifying traumatic injury occurred. In addition, a
2   retroactive program covers service members who sustained a qualifying traumatic
3   injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom
4   (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October
5   7, 2001 through November 30, 2005.

6      **12.**   Then, effective October 1, 2011, the Veterans' Benefit Improvement Act
7   of 2010 removed the requirement that injuries during the retroactive period be incurred
8   in Operations Enduring or Iraqi Freedom. Since this time, claims have increased,
9   premiums paid into the policy have remained the same, and not coincidentally,
10  systematic denials have increased.

11     **13.**   For service members who suffer a qualifying loss as a result of a traumatic
12  injury event, the Defendant will pay between $25,000 and $100,000, depending on the
13  severity of the qualifying loss.

14     **14.**   The benefit is paid to the member, someone acting on the member's behalf
15  if the member is incompetent, or the member's SGLI beneficiary if the member is
16  deceased, however, the policyholder of the SGLI and TSGLI policies is the
17  government, which limits the ability for bad faith action by participating service
18  members, which further leads to a more systematic system that has an eye for denial.

19     **15.**   All members covered under SGLI who experienced a traumatic event that
20  directly results in a traumatic injury causing a scheduled loss defined under the program
21  are eligible for TSGLI payment.

22     **16.**   Losses must meet the TSGLI standard in order to be eligible or a benefit
23  payment. There are nine categories of losses covered as follows:

24        a) Sensory losses
25        b) Burns
26        c) Paralysis
27        d) Amputation
28        e) Limb Salvage

3

f) Facial Reconstruction

g) Activities of Daily Living (ADL)

h) Inpatient Hospitalization

i) Coma/TBI combined with another injury

17.   If a member submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided. In so doing, a medical professional certifies that the applicant meets the TSGLI criteria stated above. In Plaintiff's case, a medical professional certified his individual claim.

18.   At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a servicemember of the Marine Corps.

19.   Plaintiff suffered traumatic injuries that entitled him to benefits in that Plaintiff met the guidelines for a TSGLI claim based upon his required assistance of another person to perform at least two Losses of Activities of Daily Living ("ADL") due to a traumatic injury that occurred on January 24, 2005 when he was involved in a serious vehicle accident. Due to the accident, Plaintiff suffered a head injury with a loss of consciousness, open fractured right femur, and right shoulder injury.  As a result, Plaintiff was deemed unable to independently bathe, dress, toilet and transfer without physical assistance.

20.   On or about March 6, 2006, Plaintiff submitted an application for TSGLI benefits, supported then and thereafter by a Part B form signed by registered nurse, Betty Arnett Whitten, who meets the TSGLI Guidelines as a certified medical professional, indicating that Plaintiff met 120 days of ADL loss criteria for TSGLI benefits for inability to independently dress, bathe, toilet and transfer without assistance.

21.   Thereafter, Plaintiff received a letter denying him benefits, stating that he did not meet the standards for compensable loss under the TSGLI Schedule of Losses.

22.   In follow up to the denial of benefits, registered nurse, Lisa Fitzsimmons, supplied a new TSGLI application and a statement supporting Plaintiff's claim in light

of the TSGLI benefit denial, which was supplied to Defendant. Defendant did not reconcile this supporting statement during the appeals process.

23.  Further, Plaintiff's wife, Vanessa Robinson, who was his ADL provider, also supplied a statement supporting the claim in light of the TSGLI benefit denial, which was supplied to Defendant. Defendant did not reconcile this supporting statement during the appeals process.

24.  Thereafter, Plaintiff received a second letter denying him benefits, stating that he did not meet the standards for compensable loss under the TSGLI Schedule of Losses.

25.  Next, Plaintiff hired counsel, Law Offices of Peter S. Cameron, APC, who supplied another appeal with additional medical records, a new statement from Vanessa Robinson, and a statement from Rocky Robinson, and an assessment from Terri Burns, RN with a new TSGLI application that limited the claim to only 30 days of ADL losses due to a requirement of physical assistance to bathe, dress, transfer, and use the toilet. Defendant did not reconcile these supporting statements during the appeals process.

26.  Thereafter, Plaintiff received a third letter denying him benefits, stating that he did not meet the standards for compensable loss under the TSGLI Schedule of Losses.

27.  Last, Plaintiff applied to the Board of Corrections for Naval Records with new and material evidence that included statutory law and case law. Defendant did not address the supplied law during the appeals process.

28.  Thereafter, Plaintiff received a fourth and final letter denying him benefits, stating that he did not meet the standards for a compensable loss under the TSGLI Schedule of Losses.

29.  Defendant has standardized its claim denial practices in a manner that is arbitrary, unsupported by its own guidelines, and contrary to law. Defendant's denial of Plaintiff's claim is unsupported by substantial evidence.

30.  Defendant has denied Plaintiff's claim for TSGLI benefits because, among

other reasons, it claims that Plaintiff's medical document do not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, in direct opposition to the opinion of a certifying medical professional who reviewed the same medical records. Defendant does not give any reasons as to why the certifying medical professionals certifications are not credible, nor does it supply any evidence of having based its decision on the opinion of any other medical expert whatsoever.

31.    Further, Defendant has improperly narrowed the TSGLI Procedures Guide, which is codified by law under 38 C.F.R. 9.20 and SECNAVINST 1770.4, and 38 USC § 5107(b), which is the standard applicable in this case of "substantial evidence", meaning: when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant; and as such, is not acting in accordance with the law, and furthering the improper denial of claims.

32.    Defendant failed to approve Plaintiff's claim for benefits even though the Plaintiff meets the contractual and legal criteria.

33.    Defendant violated its own guidelines for denying claims by failing to provide loss codes otherwise adequately advise Plaintiff for the reason for the denial.

34.    Plaintiff has thereby suffered an unwarranted denial of benefits due to him under the TSGLI program.

### III.

### CLAIMS FOR RELIEF

35.    All allegations contained in the previous paragraphs are incorporated herein by reference.

36.    Plaintiff herewith requests judicial review and reversal of Defendant's denial of his claim for TSGLI benefits, based, inter alia, upon Defendant's:

        a. failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

        b. failure to identify reasons for the denial of benefits under the applicable

guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

c. addition of additional unauthorized criteria for TSGLI claims.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. an award of appropriate TSGLI program benefits, which are formulaic in nature, in an amount to be determined by the Court;

b. an award of interest, costs and attorney's fees as provided by statute;

c. an award of attorney's fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

d. such other relief as the Court deems just and proper.

**Respectfully submitted,**

Dated: February 23, 2017

JOSHUA S. BERMAN, ESQ #997858
DROSS BERMAN LLC
600 Jefferson Plaza, Suite 402
Rockville, MD 20850
(240)403-7200 (tel)
(240)667-1673 (fax)
josh@drossberman.com
*Attorney for Plaintiff Rocky Robinson*